UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| ROBERT KNABE, *et al*, | § | |
| | § | |
| Plaintiffs, | § | |
| VS. | § | CIVIL ACTION NO. C-11-154 |
| | § | |
| CITY OF CORPUS CHRISTI, TEXAS, *et al*, | § | |
| | § | |
| | § | |
| Defendants. | § | |

## ORDER DENYING MOTION TO DISMISS

Before the Court is Defendants' Motion to Dismiss the Claim of Robert Knabe as Representative of the Estate of Herman G. Knabe (D.E. 24). For the reasons set out below, the Motion is DENIED.

This is a § 1983 and assault and battery case brought on behalf of the Estate of the Plaintiffs' Decedent and the Decedent's father. Defendants assert that the Decedent's Estate cannot be represented by the Decedent's brother, Robert Knabe, because he does not have capacity to sue for two reasons: (1) he has not been appointed as the personal representative of the Estate in a probate proceeding; and (2) he is not an "heir" because the Decedent is survived by his father. Defendants thus seek dismissal of the Estate's claim.

The federal pleading rules do not require a Plaintiff to allege capacity or authority to appear in a representative capacity unless such allegations are necessary to show jurisdiction. Fed. R. Civ. P. 9(a). Jurisdiction is not an issue here, as subject matter jurisdiction is based upon a federal question and the party whose capacity is challenged

has voluntarily submitted to the Court's personal jurisdiction. *See* D.E. 1.

To challenge capacity, a party must allege a specific denial, along with any specific supporting facts that are within the party's knowledge. Fed. R. Civ. P. 9(a)(2). In their Answer, the individual Defendants contested Robert Knabe's "standing" rather than his "capacity," claiming that he is not a statutory beneficiary and has not been granted letters testamentary. The individual Defendants further alleged lack of "standing" as an affirmative defense. Likewise, Defendant City of Corpus Christi answered that it "does not have information to admit or deny that Robert Knabe has legal authorization to bring suit on behalf of his brother," followed by the affirmative defense of lack of "standing" to represent the Estate.

The Supreme Court of Texas has explained that "standing" and "capacity" are not interchangeable concepts and that there has been some confusion between those concepts in case law. *Austin Nursing Center, Inc. v. Lovato*, 171 S.W.3d 845, 848-50 (Tex. 2005). An Estate's ability to sue is a matter of "capacity." *Id*. at 851. Under Fed. R. Civ. P. 17(b)(3), the law of Texas governs the adjudication of a question of a party's capacity to sue.

In adjudicating a motion to dismiss, the factual allegations of the complaint are taken as true, and any doubts regarding the sufficiency of the claim are resolved in the plaintiff's favor. *Fox v. Wardy*, 200 Fed.Appx. 323, 324, (5th Cir. 2006) (citing *Jones v. Alcoa, Inc.*, 339 F.3d 359, 362 (5th Cir.2003)). This rule applies when the motion to dismiss addresses the capacity of an alleged representative of an estate in a § 1983 action. *Phillips v. County of Allegheny*, 515 F.3d 224, 228 (3rd Cir. 2008).

Under Texas law, the estate of a deceased person is not a legal entity and cannot sue or be sued as such. *Henson v. Estate of Crow*, 734 S.W.2d 648, 649 (Tex. 1987). Ordinarily a personal representative of the estate, appointed by the probate court, is the only person with the capacity to sue or be sued on behalf of the estate. *Frazier v. Wynn*, 472 S.W.2d 750, 752 (Tex. 1971).

However, an heir may sue on behalf of a decedent's estate when no probate proceeding has been initiated and none is required. Tex. Civ. Prac. & Rem. Code § 71.021(b); *Shepherd v. Ledford*, 962 S.W.2d 28, 31 (Tex.1998). While the Defendants have the burden of stating all particular facts within their knowledge to support their challenge, they have failed to show that Robert Knabe is not an heir or that probate is required.

Defendants' argument is based entirely on the suggestion (on information and belief) that one of the Decedent's parents survived him. If only one parent survived the Decedent, then Robert Knabe, as a brother of the Decedent, is an heir of up to one-half of the Estate under principles of intestate succession. Tex. Prob. Code § 38(a)(2). Thus, in the absence of a will, he has capacity to sue on behalf of the Estate under § 71.021. Defendants have not asserted that the Decedent died testate.

In response to the motion to dismiss (D.E. 26), the Estate seeks an opportunity to amend its Complaint to clarify capacity, if such is necessary. A motion to that effect has been filed and is pending (D.E. 25). The Original Complaint (D.E. 1) states that Robert Knabe is suing as representative of, and on behalf of, the Estate. This pleading is sufficient to give notice to Defendants that a claim is being made on behalf of the Estate.

In the event that the specific facts conferring capacity need to be clarified by an amended pleading (a matter not raised by the Motion), such clarification is permitted under both Texas and Federal law, with any amendment relating back to the initial filing of the claim.  *See generally, Flores v. Cameron County*, 92 F.3d 258, 272 (5th Cir. 1996); *Austin Nursing Center, Inc. v. Lovato*, 171 S.W.3d 845 (Tex. 2005).  See also, *Phillips, supra* (citing *Shane v. Fauver*, 213 F.3d 113, 116 (3d Cir.2000) (unless amendment would be futile, federal courts must permit an amendment to cure a complaint regarding capacity).

For these reasons, Defendants' Motion to Dismiss (D.E. 24) is DENIED.

ORDERED this 23rd day of September, 2011.

_____
NELVA GONZALES RAMOS
UNITED STATES DISTRICT JUDGE