UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| ROBERT KNABE, *et al*, | § | |
| | § | |
| Plaintiffs, | § | |
| VS. | § | CIVIL ACTION NO. C-11-154 |
| | § | |
| CITY OF CORPUS CHRISTI, TEXAS, *et al*, | § | |
| | § | |
| Defendants. | § | |

# **ORDER**

Before the Court is Defendants' "Motion for Summary Judgment On Claim of Robert Knabe as Representative of the Estate of Herman G. Knabe." D.E. 40. For the reasons stated below, the Motion is DENIED.

This is a wrongful death and survival action based upon the Civil Rights Act, 42 U.S.C. § 1983 and Texas law pertaining to assault and battery. First Amended Complaint, D.E. 25-1, 28. Proper representation of the Estate of Herman G. Knabe, Deceased, was first challenged by motion brought by the Defendants on undeveloped evidence. D.E. 24. The Court issued a written opinion denying that Motion. D.E. 27. In response to the Defendants' concerns, Plaintiffs sought leave to amend their Complaint, which leave was granted. D.E. 25, 28.

Plaintiffs continue to allege that Robert Knabe, the decedent's brother, brings the suit on behalf of the Estate of Herman G. Knabe, Deceased. D.E. 25-1, p. 2. In that regard, he alleges that the decedent's mother predeceased the decedent and that the decedent died without a wife or children, but that the decedent's father survived him and

is also a Plaintiff in the lawsuit. *Id*. As an "heir" under Texas Probate Code § 38(a)(2), Robert Knabe seeks to represent the estate without necessity of administration. In that regard, Plaintiffs plead that no interested party desired an administration and that all interested parties entered into an agreement between themselves concerning the distribution of any estate property. Plaintiffs also claim that the Estate had "no debts and/or fewer than two debts." D.E. 25-1, p. 10.

Defendants' motion now raises an evidentiary challenge to the Plaintiffs' new allegations regarding capacity to sue on behalf of the Estate of Herman G. Knabe, Deceased. In particular, they claim that an administration of the Estate is necessary because the Estate owes more than two debts, there are additional heirs that are not accounted for, and that the heirs have not entered into an agreement regarding the administration of the Estate. D.E. 40. Defendants also suggest that the decedent might have been survived by a wife and children because no one really knows how the decedent was living in the last years of his life. In that event, the decedent's surviving father and siblings, including Robert Knabe, would not be "heirs" as defined by the Texas Probate Code.

When a person dies intestate, his property automatically vests in his heirs at law. Tex. Probate Code § 37; *Shepherd v. Ledford*, 962 S.W.2d 28, 31-32 (Tex. 1998). The Probate Code discusses the fact that administration is not always necessary:

> No administration of any estate shall be granted unless there exists a necessity therefor, such necessity to be determined by the court hearing the application. Such necessity shall be deemed to exist if two or more debts exist against the estate, or if or when it is desired to have the county court partition

> the estate among the distributees, or if the administration is necessary to receive or recover funds or other property due the estate . . . .

Tex. Probate Code § 178(b).  Defendants allege that there is evidence of three debts.

First, Defendants cite the Plaintiffs' pleading, which seeks the recovery of funeral and burial expenses on behalf of the Estate.  D.E. 25-1, p. 10.  However, these are mere allegations.  Robert Knabe testified that he personally paid for the body of the decedent to be cremated and sent to his father.  Depo., D.E. 40-1, pp. 6, 9.  He further testified that he would not seek to recover those expenses.  *Id*. at 9.  Thus there are no funeral and burial expenses to be counted in determining the number of debts of the Estate.

Second, Defendants recite that the Estate owes medical bills to Christus Spohn Hospital, relying on Plaintiffs' disclosures.  D.E. 40-2.  However, those disclosures set out "Christus Spohn Shoreline $ Unknown."  In his deposition, Robert Knabe testified that no bills have been received from Christus Spohn.  Depo., D.E. 40-1, p. 6.  Thus there is insufficient evidence of any debt owed to Christus Spohn under summary judgment requirements.  *See generally*, Fed. R. Civ. P. 56.

Third, Defendants attach the affidavit of Estella Lerma, supporting a debt in the amount of $1,130.00 for paramedic and ambulance services owed to the City of Corpus Christi.  The City had not asserted that debt in a counterclaim, despite attempting to defeat Robert Knabe's capacity to sue on behalf of the Estate because of the number of debts owed by the Estate.  D.E. 31, pp. 6-7.  Even if this debt were to be included, it would bring the count to "one," which is insufficient to trigger the necessity of administration.

Defendants also argue that Plaintiffs cannot avoid the necessity of administration because there are two siblings of the decedent who have not appeared in this case and who have not secured an agreement regarding the disposition of the Estate's recovery, should there be one. D.E. 40-1, pp. 6, 9. However, the Plaintiffs are not required to show ***both*** that administration is not necessary ***and*** that they have an agreement for distribution. The issues are expressly considered as alternatives. *Shepherd, supra* at 31-32. Defendants can cite to no evidence that the absent siblings want a recovery of their own as their brother's heirs or that they need a formal agreement with Robert Knabe to protect their interests.

While Defendants would be within their rights to seek out the missing heirs and make inquiry so that this issue could be supported with summary judgment evidence, they apparently have not done so. Thus, reviewing the matter consistent with summary judgment requirements and burdens, Defendants have not demonstrated that they are entitled to judgment that an administration is necessary or that there is disagreement among the heirs as to the treatment of the Estate's survival claim.

Defendants' challenge to the heirship of Robert Knabe and his siblings is equally unsupported by evidence. Defendants rely only on the testimony of Robert Knabe—that he does not know how the decedent was living in the last years of his life—to suggest that the decedent might have been survived by a wife and/or children, thus cutting off the father and siblings' claims as heirs. D.E. 40-1, p. 10. But speculation is not enough.

The capacity to sue is a defense. The federal rules require not only that the defendant raise issues of capacity, but that he do so by "specific negative averment."

Fed.R.Civ.P. 9(a); *F.D.I.C. v. Calhoun*, 34 F.3d 1291, 1299 (5th Cir. 1994). Thus it is incumbent upon Defendants to prove that the decedent was, in fact, survived by a wife and/or one or more children in order to satisfy their summary judgment burden. Fed. R. Civ. P. 56. Having failed to do so, this argument fails.

The Court finds that there is insufficient evidence of two or more debts owed by the Estate of Herman G. Knabe, Deceased or that there is a necessity for administration of the Estate. The Court finds that there is no evidence to defeat Robert Knabe's status as an "heir" to the decedent's Estate. The Court DENIES Defendant's Motion for Summary Judgment on Claim of Robert Knabe as Representative of the Estate of Herman G. Knabe (D.E. 40).

ORDERED this 1st day of May, 2012.

_____
NELVA GONZALES RAMOS
UNITED STATES DISTRICT JUDGE